UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELINE HARMON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED — PLAINTIFF

V. — CIVIL ACTION NO. 3:26-CV-493-DPJ-ASH

ROSS & YERGER INSURANCE, INC. — DEFENDANT

ORDER

On July 9, 2026, Angeline Harmon filed this class action complaint against Ross & Yerger Insurance, Inc., arising from a May 2026 "cyberattack against Defendant's network and systems." Compl. [1] ¶ 32. Harmon, "a former employee of one of Defendant's [c]lients," *id.* ¶ 136, intends to represent a Federal Rule of Civil Procedure 23 class comprised of "[a]ll individuals whose Private Information was accessed and/or acquired by an unauthorized party in the Data Breach," *id.* ¶ 146. Also on July 9, 2026, Pamela Rideout—represented by the same attorneys as Harmon—filed her own class action complaint against Ross & Yerger arising out of the May 2026 data breach. *Rideout v. Ross & Yerger Ins., Inc.*, No. 3:26-CV-HTW-ASH. Rideout, an apparent client of Ross & Yerger, seeks to represent a Rule 23 class comprised of "[a]ll individuals residing in the United States whose PII was compromised in Defendant's Data Breach." *Rideout*, Compl. [1] ¶ 80.

On August 14, 2026, Harmon filed an Unopposed Motion to Consolidate the two cases. Although Ross & Yerger has yet to appear in either action,[1] Harmon represents that it "agrees to consolidation." Mot. [9] at 1. Harmon's attorney's representation is made subject to Rule 11, but

[1] According to the returned summonses in both cases, Ross & Yerger was served on July 9, making its answers due on July 30, 2026. It has not appeared through counsel or filed an answer or a Rule 12 motion. Nor have Harmon or Rideout sought an entry of default. The status of Ross & Yerger's participation in the cases remains unclear.

the Court is reluctant to grant a motion to consolidate as unopposed without the opposite party having appeared in the case. Harmon also fails to set forth the proposed scope of the consolidation; does she seek to consolidate the cases for all purposes including trial, through the class-certification stage, through discovery, or for some other limited period or purpose? Further, the Court questions whether if, as Harmon represents, she intends to file a single, amended Consolidated Class Action Complaint that (presumably) eliminates Rideout as a class representative, the more efficient route would be to amend the *Harmon* complaint to encompass both classes and dismiss the *Rideout* complaint without prejudice.

In view of these questions, the Court denies the motion to consolidate without prejudice to refiling.

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE